UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANGELA KAY RUDDER and J.H.,
    Plaintiffs,

v.                                Case No.: 3:22cv10050/MCR/ZCB

TIMOTHY WYROSDICK, et al.,
    Defendants.
_____/

### REPORT AND RECOMMENDATION

Plaintiffs, proceeding *pro se*, initiated this case by filing a "Complaint and Request for Injunction." (Doc. 1). Plaintiffs are Angela Rudder and her minor son, J.H. The basis for this lawsuit is J.H.'s treatment by schools in the Santa Rosa and Bay County school districts. Defendants are (1) Timothy Wyrosdick, the former superintendent of the Santa Rosa County School District; (2) the School Board for Santa Rosa County; and (3) William Husfelt, the superintendent of the Bay County School District. All three Defendants have moved to dismiss the complaint. (Docs. 10, 17). Plaintiffs have responded in opposition. (Docs. 15, 21). For the reasons below, Defendants' motions to dismiss should be granted and the case dismissed for lack of subject matter jurisdiction.

### I. Discussion

In the complaint, Plaintiffs assert that this Court has federal question jurisdiction under 28 U.S.C. § 1331. (Doc. 1 at 4). When asked on the complaint

1

form to identify the "specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case," Plaintiffs have listed the Family Educational Rights and Privacy Act (FERPA) (20 U.S.C. § 1232g; 34 CFR Part 99.10). (*Id.* at 4). Defendants have moved to dismiss, *inter alia*, on the basis that there is no private right of action under FERPA. (Doc. 10 at 6; Doc. 17 at 7). The Court agrees.[1]

Plaintiffs have identified FERPA as the sole basis for federal court jurisdiction. No other federal statutory or constitutional provisions are cited or mentioned in the complaint. That is problematic for Plaintiffs because the caselaw is clear—there is no private right of action under FERPA. *See Gonzaga Univ. v. Doe*, 536 U.S. 273 (2002) (holding that FERPA did not create a private right of action); *Martes v. Chief Exec. Officer of S. Broward Hosp. Dist.*, 683 F.3d 1323, 1326 n.4 (11th Cir. 2012) ("To be clear, *Gonzaga* declined to find a private right of action in FERPA because the relevant provisions contain no rights-creating language, they have an aggregate, not individual focus, and they serve primarily to direct the Secretary of Education's distribution of public funds to educational institutions.") (cleaned up). And because there is no private cause of action under FERPA—the only basis mentioned in the complaint for federal question

---

[1] Defendants also move to dismiss on other grounds. Because the Court agrees that there is no private right of action under FERPA, it is unnecessary to address the other arguments raised in the motions to dismiss.

jurisdiction—this Court lacks subject matter jurisdiction to hear Plaintiffs' case. *See Nelson v. Bank of Am., N.A.*, 446 F. App'x 158, 159 (11th Cir. 2011) (affirming the district court's "holding that there was no private right of action under [the statute] and that, as a result, [the court] lacked subject matter jurisdiction."); *see also Cross v. Fox*, 23 F.4th 797, 803 (8th Cir. 2022) ("Absent a private right of action to enforce [the statute] in federal court for the relief sought, there can be no jurisdiction under 28 U.S.C. § 1331."); *Acara v. Banks*, 470 F.3d 569, 571-72 (5th Cir. 2006) ("We hold there is no private cause of action under HIPAA and therefore no federal subject matter jurisdiction over [plaintiff's] asserted claims."); *Manganello v. Haynes*, 2022 WL 2316997, at *1 (M.D. Fla. June 28, 2022) (dismissing case for lack of subject matter jurisdiction because the statute relied on by the plaintiff did not create a private cause of action). Because this Court lacks subject matter jurisdiction, dismissal is warranted.[2]

---

[2] Other courts have ordered dismissal in similar cases. *See, e.g., Green v. Arpaio*, No. CV-10-1481, 2010 WL 5279911, at *1 (D. Ariz. Dec. 17, 2020) ("Because FERPA's provisions do not give rise to individual rights, Plaintiff's federal claims, which are based on those FERPA provisions, must be dismissed"); *Sargent v. U.S. Dep't of Educ.*, 2007 WL 3166943, at *2 (E.D. Wisc. Oct. 25, 2007) (dismissing FERPA claim for lack of subject matter jurisdiction because FERPA "does not confer upon [the plaintiff] any right to a private cause of action"); *McLaughlin v. Fla. Int'l Univ. Bd. of Trustees*, 533 F. Supp.3d 1149, 1171 (S.D. Fla. 2021) (dismissing FERPA claims because "FERPA does not provide a private right of action" and, therefore, "Plaintiff's FERPA claim is not actionable in this Court").

## II.   Conclusion

For the reasons set forth above, the undersigned **RECOMMENDS** that:

1. Defendant William Husfelt's Motion to Dismiss, (Doc. 10), be **GRANTED**;

2. Defendants School Board for Santa Rosa County and Timothy Wyrosdick's Motion to Dismiss, (Doc. 17), be **GRANTED;**

3. Plaintiff's complaint be **DISMISSED without prejudice** for lack of subject matter jurisdiction; and

4. The Clerk of Court close this case.

At Pensacola, Florida, this 6th day of April 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**